JOSEPH BIVINS B-63111
FOLSOM STATE PRISON
P.O. BOX 950, B3/ A1-29L
FOLSOM, CA 95763

FILED
08 MAR 27 PM 1:42

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**JOSEPH BIVINS**
**(APPELLANT)**
**VS**
**M. C. KRAMER, et al**
**(RESPONDENT) /**

**CASE NO.** 07. 5643 MHP

**NOTICE OF APPEAL ON 4th, 5th,6th AND 14th AMENDMENT CONSTITUTIONAL AND ESTABLISHED PROTECTIVE RIGHTS STATUTORY TO DNA PROCEDURES, DENIAL OF 28 U.S.C. Section 2241 (c) (3) MOTION FOR WRIT OF HABEAS CORPUS PETITION SOLELY BASED ON THE ONLY AVAILABLE AVENUE FOR CORRECTING CIVIL CONSTITUTIONAL RIGHT DEPRIVATION.**

Petitioner Joseph Bivins Move upon The United States District Court for The Northern District of California given Notice to Appealing the Denied decision in Denying his United States Constitutional **14th Amendment** Right denial asserted in a Writ of Habeas Corpus Petition Solely Based on the **ONLY Available Avenue for Correcting Civil Constitutional Right Deprivation**. Denial of an fair **DNA** test for Appellant Court Review when prior testing revealed the following District Courts Error:

(1) Joseph Bivins was **NOT** provided access to all **Material, (Gun, Swabs** taken from Petitioners **Genitalia** and **Right Shoe Blood Swabs**. per **California Penal Code Section 1405 (2) (f) (1) (see Exhibit #A ).**

(2) **NO** notification was Provided to Joseph Bivins to the **Evidences** to be tested was **NOT Available** or in a **Condition** to that **Would Permit** the **DNA** testing requested in the **Evidentiary**
**DNA** Hearing Motion **(per California Penal Code Section 1405 (2) (f) (1). (see Exhibit #A ).**

(3) NO notification was Provided to Petitioner that the **Chain of Custody** had been **broken** AND that the **Courts** had **Failed** to **Establish** the **Evidence** had **NOT been Substituted**, **Tampered** with, **Replaced** or **Altered** in **Any Material Aspect. (per California Penal Code Section 1405 (2)(f)(2). (see Exhibit #A ).**

(4) Joseph Bivins was **NOT** permitted to **Summon Witnesses** or prove the Identification of the Blood found on his shoes belonging to **Mrs., K. Sims** as required by **(California Penal Code 1405 (2) (f) (4). (see Exhibit #A ).**

(5) Joseph Bivins was **NOT** permitted to **PRESENT** that the **DNA** Tested Evidence was **NOT** Complied too by the **Statutory Definition** for the purpose raising **None** reasonable probability. The Conviction is contrary to the illegal detainment standards that violates Joseph Bivins **4th, 14th Amendment** Rights to the United States Constitutional Laws.**( per California Penal Code 1405 (2) (f) (5). (see Exhibit #A ).**

(6) Joseph Bivins **Statutory** and **Constitutional Right** has been **Denied Equal Protection. Discrimination** by Denial of **Equal Application** to the **Definition of the Language** of the **Legislature Intention** in the **Laws Application, P.C. 1405** when a Lesser **Burden of Proof** Standard was Applied to Joseph Bivins **DNA TEST**, Conviction and Sentence..
. (per **California Penal Code 1405 (2) (E) (2) (d) (f) (1) (2) (3) (g) (1) (2) (see Exhibit #A ),**

(7) Joseph Bivins was Denied Statutory and Constitutional Standards Performance by Discriminatory Testing that **WAS** Employed by method **NOT** general accepted within any relevant Scientific Community when cross Contaminated Evidence was **NEVER** Questioned prior to testing that was **Based Soley** on **Counsels Authority**. (per **California Penal Code 1405 (7). (see Exhibit #A ).**

(8) Joseph Bivins was **Denied** an **Evidentiary Hearing** by **Judicial Performance**, when the Courts **Failed** to **Distinguish** what Material can Legally be Permitted to be **DNA** tested or **NOT DNA** tested because of **Cross Contamination. per California Penal Code 1405 (g) (1). (see Exhibit #A ).**

(9) Joseph Bivins **NEVER CONSENTED nor gave PERMISSION**, or **AGREED** too any **Cross Contaminated Materials, or Testing Material not Identified by The Court** to be **DNA** tested, because trial Counsel or Appointed Counsel **NEVER** advised Joseph Bivins of his **Rights** in order to permit him to assert his **Mutual Agreement** to the **Laboratory** accredited by the **American Society of Crime Laboratory Directors Laboratory Accreditation Board, (ASCLD/ LAB.) per (Prof. Conduct Sec 3.100 - 3.210, California Penal Code 1405 (g) (1) (2). (see Exhibit #A ).**

    (10).Joseph Bivins was **NEVER** advised by Appointed Counsel to his **Statutory** and **Constitutional Rights** in Filing an Writ of Mandate to the Statutory Procedures when DNA Testing **DO NOT** complied too Statutory Provisions **NOT** Performed as Required under **California Penal Code 1405 (8) (2)(j), 1405 (2) (E) (2)(d) (see Exhibit #A ).**

Petitioner /Appellant Joseph Bivins was **NOT** charged with any crime for **43 days after arrest**, before the crimes against nature / rape allegation indictment element appeared. The **Rape Kit** Procedures **WERE** performed and single samples / swabs were contained. **(1)** Swabs from **Different** Areas of Petitioners Joseph Bivins **Genitalia / Penis**. **(2) Pubic Hair**, (3) **Finger Nails**, (4) Blood Sample. Single Samples were taken from the victims and Placed in Single Glass Vials. During trial Procedures, it was Proven that **NO** Positive Evidence relating to **Hair, Body Fluid or Finger nails** was on the victims belonging to Joseph Bivins, however sample Swabs of Joseph Bivins **Genitalia / Penis** swabs were **MISSING** and when there was only **ONE** swab contained in a **SINGLE Vial**. The retesting revealed there was **TWO** swabs in **ONE** vial with **NO** explanation of how it came about. Where **NO DNA** was Discovered in the First case by a **Single** sample taken from the victim. By the **MIXING** of Swabs, **Now** produce **DNA** result of Joseph Bivins in regards to one of the two swabs contained in a single plastic tube. The **EXACT** same sexual testing produce different results by Cross Contamination from 1974 - 75 DNA test. In 1974 - 75 the **Single** swab found or placed in each vial only produce a **Single** Identity if the victim or Joseph Bivins and **NOT** Joseph Bivins **DNA** on the swab of the victim as was discovered in 2002. The **ONLY** way this could have accrued is the **Cross Contamination** of the **Handlers** of the **DNA** samples, but **NOT** reported. In the Court Proceeding for **DNA** Testing Petitioner Joseph Bivins was **NOT** provided with the following:

(1) The Right to **NONE** Discriminatory Judicial Review and Procedures to any and all aspects of **California Penal Code Section 1405** as it has Applied to Every **OTHER** individual that has Applied for DNA testing since 2001.

(2) Notice of the Evidence to be tested.

(3) Notice of Evidence being Cross Contaminated.

(4) Right to contest the same Laboratory Company testing committing Cross Contamination.

(5) Notice of right to **NOT** consent to **DNA** testing Procedures by Writ of Mandate.

(6) Notice of the Right to Participate in the Discovery of what could be tested under the **California Penal Code Section 1405 provision.**

(7) Judicial Discovery to what was Contaminated and what was legally permissible to be tested.

(8) The Right to have a Judge / Court Distinguish what Evidence was missing under **California Penal Code Section 1405 provision.**

**ONLY** in this case was the Petitioner / Appellant rights under the **14th Amendment** Denied when his right were not Treated Applicable to the Statutory Standards Cited by **Penal Code Section 1405 et seg**. and prejudicial harm was suffered as Actual Innocence proven by an conclusive testing of DNA not provided by the lower Court.

## SECOND DISCRIMINATORY REASON FOR APPEAL

The second reason for Appeal stems from the Denial of Fundamental Right to an Constitutional Rights to a Fair **DNA** Hearing Denied because of Counsels Incompetents by ineffective assistance of Hearing Counsel in the failure to Discover Aggravating Evidence(s) reason for **Cross Contamination** and Reporting Factual Evidence for the Presentation of argument in a Failed motion prior to Presentation before the Judicial Branch

(2) Counsels Failure to obtain consent for **DNA** testing from The **Lower Court** or his **Client** as well as Counsel Failure to Notify Client of his Right to Appeal by **Writ** of **Mandate** to the Denial of Procedures **Cited** by **Penal Code Section 1405 et seg.,**

(3) Failure to advise **Client** of his Right to Decline to retesting **DNA** by **Laboratory** causing **Cross Contamination.**

The Standards Falling below the standards of Norm Deprived Rights Cited by the **United States Supreme Court** Precedent case law in **Strickland v. Washington 466 U.S. 668**, thereby Judicial performance was the cause of Denied rights asserted for review of the Appellant Court.

**THIRD CAUSE FOR REVIEW**

The **Discriminatory** acts and Conduct to **Brady v. Maryland 373 U.S. 83, 87**, case law standards Cited by the **United States Constitutional 14th Amendment** in the Denial of learning of the Jail House Snitch benefits prior to trial by Jury, concealment of **DNA** found on the **Gun Cylinder** was not that of any victims. Prosecutor **Removing Evidence** without Consent to **Prevent Discovery** or **Rebuttal** testimony of Jail House Snitch that the **Gun** was **NOT** used to Commit Murder as was Claim as in a Murder conducted in the testimony by Jail House Snitch. Denied Discovery testimony by **Jackie Butcher** and **Tommy Davis** Claiming that they **were** in **Possession** of the **so-called Bloody Gun** and **NOT** Joseph Bivins on the Date of June 23, 1974 the **Night of the Murders**. The Prejudicial harm is Denied by illegal Detainment Custody, in which is Prohibited under the **United States Constitutional 4th Amendment.**

**DENIAL OF EVIDENTIARY HEARING IN ALL COURTS**

Denial of **14th Amendment** Constitutional by the Denial of Evidentiary Hearing was and is Constitutionally Prohibited when the overwhelming Evidences Points to **Actual Innocence** when the **Statuary** and **Constitutional Language is Comply with.**

Therefore the Petitioner / Appellant seek Probable Cause to Appeal to the **United States Ninth Circuit Court of Appeals** from the **United States District Court** for the **Northern District of California** or the in the reviewing of the Denial of the Petitioner Appellant **4th, 5th, 6th and 14th Amendment Right** to an Constitutional Fundamental fair Hearing by **DNA** testing, **Appointment** of **Counsel** and **Evidentiary Hearing** for the purpose of Proven **Actual Innocent** by **DNA** testing in the District Court.

I am Appealing the Denial of Fundamental Right to an fair **DNA** Hearing because I am **Actually Innocent** in Committing any Crime of Murder or Attempted Murder or Sexual act prior to the taking of a life.

Date 3/20/2008

JOSEPH BIVINS

CALIFORNIA PENAL CODE SECTION 1405

# EXHIBIT # A

*1872. Amended by Code Am.1880, c. 47, p. 29, § 109; Stats. 1971, c. 1591, p. 3207, 0; Stats.1973, c. 718, p. 1296, § 2.)*

Cross References

Failure of corporation to appear, entry of not guilty plea, see Penal Code § 1427.

Plea by corporate defendant, see Penal Code § 1018.

Research References

Witkin Cal Crim. L. 3d Intro to Crim. Proc. § 2, Criminal Actions.
Witkin Cal. Crim. L. 3d Pretrial Proceedings § 223, (S 223) Presence of Defendant.

**§ 1397. Fines; collection**

When a fine is imposed upon a corporation on conviction, it may be collected by virtue of the order imposing it in the manner provided for enforcement of money judgments generally. *(Enacted 1872. Amended by Stats.1982, c. 497, p. 2206, § 140, operative July 1, 1983.)*

Law Revision Commission Comments

Section 1397 is amended to conform to Title 9 (commencing with Section 680.010) of Part 2 of the Code of Civil Procedure (Enforcement of Judgments Law). (15 Cal.L.Rev.Comm. Reports 2001).

Research References

Witkin Cal Crim. L. 3d Intro. to Crim. Proc. § 2, Criminal Actions.

## CHAPTER 10. ENTITLING AFFIDAVITS

Section
1401. Titles on affidavits or depositions; validity without title or with erroneous title.

**§ 1401. Titles on affidavits or depositions; validity without title or with erroneous title**

It is not necessary to entitle an affidavit or deposition in the action, whether taken before or after indictment or information, or upon an appeal; but if made without a title, or with an erroneous title, it is as valid and effectual for every purpose as if it were duly entitled, if it intelligibly refer to the proceeding, indictment, information, or appeal in which it is made. *(Enacted 1872. Amended by Code Am.1880, c. 47, p. 29, § 110.)*

Cross References

Affidavits, notices, etc., in civil actions, see Code of Civil Procedure § 1046.
Applicability to special proceedings of a criminal nature, see Penal Code § 1563.

Research References

Witkin Cal. Crim. L. 3d Intro. to Crim. Proc. § 8, (S 8) Practice.

## CHAPTER 11. ERRORS AND MISTAKES IN PLEADINGS AND OTHER PROCEEDINGS

Section
1404. Departures from form or mode; errors or mistakes; effect upon validity; prejudice of substantial right.
1405. Motion for DNA testing.

**§ 1404. Departures from form or mode; errors or mistakes; effect upon validity; prejudice of substantial right**

WHEN NOT MATERIAL. Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right. *(Enacted 1872.)*

Cross References

Defects of form not prejudicing substantial rights, see Penal Code § 960.
Order of procedure, see Penal Code § 1093.
Reversal for error, see Const. Art. 6, § 13; Code of Civil Procedure §§ 475, 906.

Substantial rights of defendant, protection on appeals to superior court, see Penal Code § 1469.
Technical errors not affecting substantial rights to be disregarded on appeal, see Penal Code § 1258.

Research References

6 Witkin Cal Crim. L. 3d Criminal Judgment § 43, Return and Polling of Jury.
4 Witkin Cal. Crim. L. 3d Pretrial Proceedings § 189, Doctrine of Nonprejudicial Error.
4 Witkin Cal. Crim. L. 3d Pretrial Proceedings § 283, (S 283) Deportation or Denial of Naturalization of Aliens.
6 Witkin Cal. Crim. L. 3d Reversible Error § 1, Theory and Scope of Doctrine.

**§ 1405. Motion for DNA testing**

(a) A person who was convicted of a felony and is currently serving a term of imprisonment may make a written motion before the trial court that entered the judgment of conviction in his or her case, for performance of forensic deoxyribonucleic acid (DNA) testing.

(b)(1) An indigent convicted person may request appointment of counsel to prepare a motion under this section by sending a written request to the court. The request shall include the person's statement that he or she was not the perpetrator of the crime and that DNA testing is relevant to his or her assertion of innocence. The request also shall include the person's statement as to whether he or she previously has had counsel appointed under this section.

(2) If any of the information required in paragraph (1) is missing from the request, the court shall return the request to the convicted person and advise him or her that the matter cannot be considered without the missing information.

(3)(A) Upon a finding that the person is indigent, he or she has included the information required in paragraph (1), and counsel has not previously been appointed pursuant to this subdivision, the court shall appoint counsel to investigate and, if appropriate, to file a motion for DNA testing under this section and to represent the person solely for the purpose of obtaining DNA testing under this section.

(B) Upon a finding that the person is indigent, and counsel previously has been appointed pursuant to this subdivision, the court may, in its discretion, appoint counsel to investigate and, if appropriate, to file a motion for DNA testing under this section and to represent the person solely for the purpose of obtaining DNA testing under this section.

(4) Nothing in this section shall be construed to provide for a right to the appointment of counsel in a postconviction collateral proceeding, or to set a precedent for any such right, in any context other than the representation being provided an indigent convicted person for the limited purpose of filing and litigating a motion for DNA testing pursuant to this section.

(c)(1) The motion shall be verified by the convicted person under penalty of perjury and shall do all of the following:

(A) Explain why the identity of the perpetrator was, or should have been, a significant issue in the case.

(B) Explain, in light of all the evidence, how the requested DNA testing would raise a reasonable probability that the convicted person's verdict or sentence would be more favorable if the results of DNA testing had been available at the time of conviction.

(C) Make every reasonable attempt to identify both the evidence that should be tested and the specific type of DNA testing sought.

(D) Reveal the results of any DNA or other biological testing that was conducted previously by either the prosecution or defense, if known.

(E) State whether any motion for testing under this section previously has been filed and the results of that motion, if known.

(2) Notice of the motion shall be served on the Attorney General, the district attorney in the county of conviction, and, if known, the governmental agency or laboratory holding the evidence sought to be tested. Responses, if any, shall be filed within 60 days of the date on which the Attorney General and the district attorney are served with the motion, unless a continuance is granted for good cause.

(d) If the court finds evidence was subjected to DNA or other forensic testing previously by either the prosecution or defense, it shall order the party at whose request the testing was conducted to provide all parties and the court with access to the laboratory reports, underlying data, and laboratory notes prepared in connection with the DNA or other biological evidence testing.

(e) The court, in its discretion, may order a hearing on the motion. The motion shall be heard by the judge who conducted the trial, or accepted the convicted person's plea of guilty or nolo contendere, unless the presiding judge determines that judge is unavailable. Upon request of either party, the court may order, in the interest of justice, that the convicted person be present at the hearing of the motion.

(f) The court shall grant the motion for DNA testing if it determines all of the following have been established:

(1) The evidence to be tested is available and in a condition that would permit the DNA testing requested in the motion.

(2) The evidence to be tested has been subject to a chain of custody sufficient to establish it has not been substituted, tampered with, replaced or altered in any material aspect.

(3) The identity of the perpetrator of the crime was, or should have been, a significant issue in the case.

(4) The convicted person has made a prima facie showing that the evidence sought to be tested is material to the issue of the convicted person's identity as the perpetrator of, or accomplice to, the crime, special circumstance, or enhancement allegation that resulted in the conviction or sentence.

(5) The requested DNA testing results would raise a reasonable probability that, in light of all the evidence, the convicted person's verdict or sentence would have been more favorable if the results of DNA testing had been available at the time of conviction. The court in its discretion may consider any evidence whether or not it was introduced at trial.

(6) The evidence sought to be tested meets either of the following conditions:

(A) The evidence was not tested previously.

(B) The evidence was tested previously, but the requested DNA test would provide results that are reasonably more discriminating and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results.

(7) The testing requested employs a method generally accepted within the relevant scientific community.

(8) The motion is not made solely for the purpose of delay.

(g)(1) If the court grants the motion for DNA testing, the court order shall identify the specific evidence to be tested and the DNA technology to be used.

(2) The testing shall be conducted by a laboratory mutually agreed upon by the district attorney in a noncapital case, or the Attorney General in a capital case, and the person filing the motion. If the parties cannot agree, the court shall designate the laboratory to conduct the testing and shall consider designating a laboratory accredited by the American Society of Crime Laboratory Directors Laboratory Accreditation Board (ASCLD/LAB).

(h) The result of any testing ordered under this section shall be fully disclosed to the person filing the motion, the district attorney, and the Attorney General. If requested by any party, the court shall order production of the underlying laboratory data and notes.

(i)(1) The cost of DNA testing ordered under this section shall be borne by the state or the applicant, as the court may order in the interests of justice, if it is shown that the applicant is not indigent and possesses the ability to pay. However, the cost of any additional testing to be conducted by the district attorney or Attorney General shall not be borne by the convicted person.

(2) In order to pay the state's share of any testing costs, the laboratory designated in subdivision (g) shall present its bill for services to the superior court for approval and payment. It is the intent of the Legislature to appropriate funds for this purpose in the 2000–01 Budget Act.

(j) An order granting or denying a motion for DNA testing under this section shall not be appealable, and shall be subject to review only through petition for writ of mandate or prohibition filed by the person seeking DNA testing, the district attorney, or the Attorney General. The petition shall be filed within 20 days after the court's order granting or denying the motion for DNA testing. In a noncapital case, the petition for writ of mandate or prohibition shall be filed in the court of appeal. In a capital case, the petition shall be filed in the California Supreme Court. The court of appeal or California Supreme Court shall expedite its review of a petition for writ of mandate or prohibition filed under this subdivision.

(k) DNA testing ordered by the court pursuant to this section shall be done as soon as practicable. However, if the court finds that a miscarriage of justice will otherwise occur and that it is necessary in the interests of justice to give priority to the DNA testing, a DNA laboratory shall be required to give priority to the DNA testing ordered pursuant to this section over the laboratory's other pending casework.

(*l*) DNA profile information from biological samples taken from a convicted person pursuant to a motion for postconviction DNA testing is exempt from any law requiring disclosure of information to the public.

(m) Notwithstanding any other provision of law, the right to file a motion for postconviction DNA testing provided by this section is absolute and shall not be waived. This prohibition applies to, but is not limited to, a waiver that is given as part of an agreement resulting in a plea of guilty or nolo contendre.

(n) The provisions of this section are severable. If any provision of this section or its application is held invalid, that invalidity shall not affect other provisions or applications that can be given effect without the invalid provision or application. *(Added by Stats.2000, c. 821 (S.B.1342), § 1. Amended by Stats.2001, c. 943 (S.B.83), § 1; Stats.2004, c. 405 (S.B.1796), § 16.)*

Research References

5 Witkin Cal. Crim. L. 3d Criminal Trial § 34, Proceedings Covered.
4 Witkin Cal. Crim. L. 3d Intro. to Crim. Proc. § 53, Collection of Forensic Information.

## CHAPTER 12. DISPOSAL OF PROPERTY STOLEN OR EMBEZZLED

Section
1407. Property in custody of peace officer; holding subject to provisions of chapter.
1408. Property in custody of peace officer; order for delivery to owner; payment of expenses.

Penal

# PROOF OF SERVICE BY MAIL

I JOSEPH BIVINS , DECLARE:
**I AM OVER THE AGE OF 18, AM A PARTY TO THIS ACTION, AND A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OS SACRAMENTO, STATE OF CALIFORNIA.**

**MY PRISON NUMBER:** B-63111 **MY PRISON ADDRESS IS: PO BOX 950, FOLSOM, CALIFORNIA 95763.**
**ON** 3/20/ **, 2008 I SERVED A COPY OF THE FOLLOWING DOCUMENT: NOTICE OF APPEAL ON 4th, 6th AND 14th CONSTITUTIONAL AND STATUTORY DENIAL OF ESTABLISHED PROTECTIVE RIGHTS TO DNA TESTING PROCEDURES OF FUNDAMENTAL RIGHT TO A FAIR TRIAL. ( EXHIBIT # A )**

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), REPRESA, CALIFORNIA, ADDRESSED AS FOLLOWS:

UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT
450 GOLDEN GATE AVE
SAN FRANCISCO CALIF.
94119- 3939

JERRY BROWN
OFFICE OF THE ATTORNEY
455 GOLDEN GATE AVE
San Francisco Calif. 94102

THERE IS A DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE OS ADDRESSED

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON 3/20/ ,2008, AT REPRESA, CALIFORNIA.

Joseph Bivins
<signature here>

Joseph Bivins B63111
Folsom State Prison
PO BOX 950, B3-1A27L
Folsom CA 95763
Prose
USA 41
37 USA
X-MEN
CAPTAIN AMERICA
RECEIVED
MAR 2 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Office of the CLERK
U.S. District Court
NORTHERN District of California
450 Golden Gate AVE
SAN FRANCISCO CA 94102
Legal

som CA 95763
Prose
RECEIVED
MAR 2 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Office of the CLERK
U.S. District Court
NORTHERN District of California
450 Golden Gate AVE
SAN FRANCISCO CA 94102
LEGAL
MAIL
USA 41
USA41

USA First-Class

LEGAL MAIL